981 F.2d 1259
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Donald PIERCY, Plaintiff-Appellant,
v.
Andrew VANDERGAW; Lake County, a municipal corporation,
Defendants-Appellees.
 No. 92-35425.
 United States Court of Appeals, Ninth Circuit.
 Submitted Dec. 21, 1992.*
Decided Dec. 24, 1992.
 
 Before TANG, NOONAN and T.G. NELSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Donald Piercy appeals the district court's summary judgment in favor of Lake County and Andrew Vandergaw, the Lake County District Attorney, in Piercy's 42 U.S.C. § 1983 action. We review de novo. Kruso v. International Tel. & Tel. Corp., 872 F.2d 1416, 1421 (9th Cir.1989), cert. denied, 496 U.S. 937 (1990). We affirm.
 
 
 3
 Piercy contends that Vandergaw violated his civil rights when he wrote a letter to Piercy's employer threatening to withhold his patronage from the employer's grocery store so long as it employed Piercy. Vandergaw wrote the letter in response to public allegations by Piercy that Vandergaw had used a county vehicle to do grocery shopping. The district court found that Piercy had failed to demonstrate that Vandergaw acted under color of state law in writing the letter.
 
 
 4
 To establish a section 1983 claim, the plaintiff must allege facts showing a deprivation of a constitutional right, privilege, or immunity by a person acting under color of state law. 42 U.S.C. § 1983; Parrat v. Taylor, 451 U.S. 527, 535 (1981), overruled on other grounds, Daniel v. Williams, 474 U.S. 327 (1986).
 
 
 5
 Here, Vandergaw wrote the letter on plain paper and signed it as a private citizen, with his home address directly below his signature. He did not threaten to initiate criminal proceedings into Piercy's conduct, nor did he suggest that he would use his authority as a district attorney to pursue additional types of action against Piercy.
 
 
 6
 Under these circumstances, we agree with the district court that Piercy has failed to demonstrate that Vandergaw acted under color of state law when he sent the letter to Piercy's employer. Accordingly, the district court properly granted summary judgment in favor of Vandergaw. Because Vandergaw did not act under color of state law, the district court also properly granted summary judgment in favor of Lake County.
 
 
 7
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3